**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Michael Allen Yazzie,<br><br>　　　　　Defendant. | No. CR-19-08149-001-PCT-SMB<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE SUSAN M. BRNOVICH, UNITED STATES DISTRICT JUDGE:**

On August 1, 2025, with the consent of the Defendant (Doc. 77), the undersigned conducted an evidentiary hearing to determine whether the Defendant violated a condition of his supervised release. On May 19, 2025, a Petition to Revoke Supervised Release (Doc. 70) was filed. The Magistrate Judge granted the Government's oral Motion to Dismiss Allegation A. Allegation B, the sole remaining allegation, alleges that the Defendant violated Standard Condition #13 which states:

> You must follow the instructions of the probation officer related to the conditions of supervision.
>
> On May 8, 2025, probation directed Yazzie to report to the probation office; however, he failed to report as directed, as evidenced by the undersigned officer's testimony. Grade C violation . § 7B1.1(a)(3).

The Magistrate Judge has considered (i) the testimony of the Defendant's U.S. Probation Officer Audrey Bethel, (ii) Exhibits 3-5 admitted into evidence, (iii) judicial

notice taken of Exhibits 1 and 2, and (iv) the arguments of counsel.  The Court finds by a preponderance of the evidence as follows:

1) The Defendant was aware of his conditions of supervised release, understood them, and acknowledged receipt of them on March 6, 2024.  Defendant's supervised release was set to expire on November 12, 2026.

2) Officer Bethel last had contact with the Defendant on September 4, 2025.  Officer Bethel afforded the Defendant multiple opportunities subsequent to September 4, 2024 to have contact with her in person and by phone at the home address and phone number provided by the Defendant, but the Defendant willfully failed to respond to all of Officer Bethel's reasonable overtures, including refusing to come out of his bedroom on March 20, 2025 when she visited his home.  The Defendant knew Officer Bethel wanted to speak with him, and the Defendant refused to do so.

3) On April 30, 2025, Officer Bethel left a letter for the Defendant in the protected doorway of his listed place of residence where she had met with him previously, instructing the Defendant to report in person on May 8, 2025 at the Flagstaff U.S. Probation Office located at 123 N. San Francisco St., Suite 202, Flagstaff, AZ 86001.  The letter specifically warned the Defendant that failure to report was a violation of his supervised release and would result in a warrant being issued.

4) The Defendant failed to report as directed to the probation office on May 8, 2025.

The Magistrate Judge therefore finds that the Government has met its burden of proof regarding Allegation B of the Petition to Revoke Supervised Release filed May 19, 2025 (Doc. 70).  The Magistrate Judge concludes as a matter of law that the Defendant has violated Standard Condition #13, as alleged in Allegation B of the Petition to Revoke Supervised Release (Doc. 70).

For the reasons set forth herein,

**IT IS RECOMMENDED** that the Court find that the Defendant has violated Standard Condition #13, as set forth in Allegation B of the Petition to Revoke Supervised Release filed May 19, 2025 (Doc. 70).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

**IT IS ORDERED** setting Final Disposition Hearing on **September 3, 2025 at 2:00 p.m.**, before U.S. District Judge Susan M. Brnovich, courtroom 506.

Dated this 8th day of August, 2025.

Honorable Eileen S. Willett
United States Magistrate Judge